1  Darrell E. Davis, #011442
2  Ryan J. Lorenz, #019878
   **CLARK HILL PLC**
3  14850 N. Scottsdale Road, Suite 500
   Scottsdale, AZ  85254
4  Telephone:    (480) 684-1100
   Facsimile:    (480) 684-1199
5  E-Mail:       rlorenz@clarkhill.com
6
7  Attorneys for Lund Cadillac, LLC

8              **IN THE UNITED STATES BANKRUPTCY COURT**

9                 **FOR THE DISTRICT OF ARIZONA**

10 | In re:                              | Case No.  2:10-bk-27333-SSC
11 |                                     | Chapter 13
   | RACHAEL ANNE EARL,                  |
12 |                                     | **DECLARATION OF ALICE**
13 |                 Debtor.             | **CRAPSER**
14 |
   | LUND CADILLAC, LLC, an Arizona
15 | limited liability company,
16 |
   |                 Movant,
17 |
   |         v.
18 |
19 | RACHAEL ANNE EARL, Debtor;
   | RUSSELL BROWN, Chapter 13 Trustee,
20 |
   |                 Respondents.
21

22        Alice Crapser, declares as follows:

23 1.    I am the controller for Movant Lund Cadillac, LLC ("Lund Cadillac").   I am

24 making this declaration in support of Lund Cadillac's motion for relief from the

25

26 automatic stay.

27 2.    Lund Cadillac is a retail new and used motor vehicle dealer.

28 3.    Dan Earl approached Lund Cadillac about purchasing a new 2008 Cadillac

Escalade, VIN 1GYFK63818R157790 ("2008 Escalade").

4.      On September 9, 2009, Mr. Earl executed and delivered to Lund Cadillac a Retail Installment Sale Contract GMAC Flexible Finance Plan ("Installment Contract") by which he agreed to make seventy-two (72) monthly payments in the amount of $1,079.97 for the purchase of the 2008 Escalade from Lund Cadillac.

5.      On September 9, 2009, Mr. Earl executed a Purchase Agreement, as a complementary document of the same transaction.

6.      Under the Purchase Agreement, Mr. Earl agreed that, "When signed by Purchaser, this Order shall constitute an irrevocable offer to purchase the vehicle described in, and upon the terms in this Order and, if a time sale, upon the finance terms initially agreed to by Purchaser this Order shall become binding on Seller only when accepted by a Sales Manager and, if a time sale, (1) Purchasers credit has been approved by a financing institution and such institution agrees to purchase a retail installment contract based on the Order…"

7.      Under the Installment Contract, Lund Cadillac's obligation to deliver the 2008 Escalade was conditioned on obtaining financing and assignment of the Installment Contract to a lending institution.

8.      Mr. Earl was not approved for financing.

9.      Lund Cadillac tried to re-write Mr. Earl's contracts to obtain financing. Lund Cadillac reduced the purchase price from $77,880.10 to $73,788.50; increased the trade-in value from $40,300.00 to $44,000.00; and included a rebate of $8,500.00.

10.      These adjustments resulted in a reduction of the "amount financed" in the

Installment Contract from $77,753.52 to $62,361.92. The interest rate was increased from 0.00% to 7.79%.

11.     As a result, the installments Mr. Earl would have to pay went from $1,079.91 to $1,090.50, a difference of $10.59 per month.

12.     Despite several attempts to reach Mr. Earl and conclude a sale on the new terms and sign new documents, Mr. Earl no-showed a meeting at a place he chose, and refused to communicate with salespersons.

13.     Mr. Earl was notified formally that he needed to return the 2008 Escalade and could retrieve his trade-in vehicle, assuming he could pay the loan on it. Otherwise, and if Mr. Earl had simply signed the new contract documents, Lund Cadillac would pay the loan as a part of accepting the trade-in.

14.     Lund Cadillac hired Phil Rust, a licensed private investigator, to locate the 2008 Escalade. Lund Cadillac did not authorize Mr. Rust to use any illegal means of performing that task. Mr. Rust was not hired to take possession of the 2008 Escalade.

15.     Lund Cadillac was not notified of the filing of Rachael Earl's bankruptcy nor was Lund Cadillac included as a creditor. Lund Cadillac learned of it from its counsel.

I declare under penalty of perjury that the foregoing is true and correct. Executed on March 4, 2011.

                                        /s/ Alice Crapser
                                        Alice Crapser

| | |
|---|---|
| 1 | **COPY** of the foregoing mailed this 4th day of March, 2011, to: |
| 2 | |
| 3 | Kevin Jensen |
| | 3740 E. Southern Ave., Ste. 210 |
| 4 | Mesa, AZ 85206 |
| 5 | Attorney for Debtor |
| 6 | Russell Brown |
| | 3838 N. Central Ave., Suite 800 |
| 7 | Phoenix, AZ 85012 |
| 8 | Chapter 13 Trustee |
| 9 | United States Trustee |
| 10 | 230 N. 1st Ave., Ste. 204 |
| | Phoenix, AZ 85003 |
| 11 | |
| | _____/s/ Pam Whitmore_____ |
| 12 | |
| 13 | |
| 14 | |
| 15 | |
| 16 | |
| 17 | |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |