Darrell E. Davis, #011442
Ryan J. Lorenz, #019878
**CLARK HILL PLC**
14850 N. Scottsdale Road, Suite 500
Scottsdale, AZ 85254
Telephone: (480) 684-1100
Facsimile: (480) 684-1199
E-Mail: rlorenz@clarkhill.com

Attorneys for Lund Cadillac, LLC

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF ARIZONA

| In re: | Case No. 2:10-bk-27333-SSC |
| --- | --- |
| RACHAEL ANNE EARL, | Chapter 13 |
| Debtor. | **DECLARATION OF RYAN LORENZ** |
| LUND CADILLAC, LLC, an Arizona limited liability company, | |
| Movant, | |
| v. | |
| RACHAEL ANNE EARL, Debtor; RUSSELL BROWN, Chapter 13 Trustee, | |
| Respondents. | |

Ryan Lorenz, declares as follows:

1. I am counsel for Movant Lund Cadillac, LLC ("Lund Cadillac"). I am making this declaration in support of Lund Cadillac's motion for relief from the automatic stay.

2. My firm was engaged to represent Lund Cadillac in a dispute with Dan Earl, the Debtor's husband about his attempted purchase of a new 2008 Cadillac Escalade, VIN 1GYFK63818R157790 ("2008 Escalade").

3. On March 19, 2010, I caused a complaint to be filed in the Maricopa County Superior Court (case no. CV2010-051308) ("Replevin Action"), seeking to replevy the 2008 Escalade from Mr. Earl and the Debtor.

4. I have practiced before this court since admission to the United States District Court in 2000. I am familiar with 11 U.S.C. § 362(a) concerning the automatic stay. As of March 19, 2010, and the days and weeks thereafter, neither Lund Cadillac nor I knew that on March 4, 2010, the Debtor had filed a petition in this court (case no. 10-05650-RJH).

5. I recall that I was investigating possible locations to serve Mr. and Mrs. Earl and came across a notice of trustee's sale of an address where I instructed that they could be served, 1311 S. Claiborne, Gilbert, Arizona ("Claiborne Property"). I also recall that I was interested in learning why the Claiborne Property had not yet been foreclosed or why a trustee's deed upon sale had not been recorded, or if recorded, why other addresses were not available from public records. It occurred to me that the Earls might have filed bankruptcy to stay the foreclosure. As a result, I checked the docket, conducted a name search for bankruptcy filings, and discovered that the Debtor had filed her petition a couple weeks before I filed Lund Cadillac's replevin action.

6. Upon discovery that the Debtor had filed bankruptcy, I immediately suspended efforts to serve the Earls. My intention was to evaluate the extent to which the automatic stay applied or whether Lund Cadillac could proceed.

7. On September 15, 2010, the superior court dismissed the Replevin Action for want of service. This prompted me to check the status of the Debtor's first bankruptcy

case, whereupon I learned that it had been dismissed on August 26, 2010 and re-filed on August 27, 2010 (this case). I also learned that this case was dismissed on September 7, 2010.

8. In my experience, I have observed that dismissals for failure to file schedules, failure to pay filing fees under extensions, failure to make plan payments, or other reasons are not always permanent dismissals. Rather, it is the practice of members of the debtors' bar to move to reinstate the case. I telephoned Debtor's counsel, Kevin Jensen to find out whether the Debtor intended to move for reinstatement. I left a message but did not receive a return call.

9. While the case was dismissed, I determined that pursuant to 11 U.S.C. § 362(c)(2)(B), the automatic stay had terminated. On September 20, 2010, I moved to set aside the judgment of dismissal in the Replevin Action and for an extension of time to serve the summons and complaint. A copy of that motion was mailed to the Earls at the Claiborne address. It did not come back to me in the mail. as undeliverable. I also re-dispatched a process server to serve the Earls.

10. The Debtor and Mr. Earl were served with the Replevin Action complaint on November 8, 2010. Meanwhile, neither I nor Lund Cadillac was given notice that the Debtor had moved for reinstatement [doc. 14] successfully [doc. 22].

11. If Mr. Jensen had returned my call and informed me of the Debtor's plan to move for reinstatement, I would not have filed the motion to permit service in the Replevin Action. The motion to set aside the dismissal and for extension of time to serve the Earls was mailed to them on September 20, 2010. Neither the Earls nor Mr. Jensen

contacted me about the reinstatement, despite the fact that the Earls knew that Lund Cadillac was resuming efforts to serve them.

12. After the Earls were served, I again checked the docket of this case and discovered the reinstatement motion and order. I was surprised to see that about a month had lapsed from the dismissal order (September 7, 2010) and the motion to reinstate (October 4, 2010). Normally, it has been my experience that debtors move for reinstatement more quickly. I now understand that Mr. Jensen had a number of health problems that probably explains why the Debtor did not move for reinstatement more quickly and also why Mr. Jensen did not return my call.

13. On November 24, 2010, I attended the 341 meeting. The Debtor and Mr. Earl were both present at the meeting. Mr. Jensen was absent. During the meeting, I inquired of the Debtor where the 2008 Escalade was and asked her to turn and ask Mr. Earl, seated next to her, the same question. The Debtor answered that she did not know. After a few more questions, the assigned chapter 13 trustee, Russell Brown, terminated the meeting. Mr. Brown felt that the Debtor's attorney should probably be present, though Mr. Brown tried to complete the meeting in his absence.

14. After the meeting was terminated, I witnessed the Debtor and Mr. Earl get into a vehicle not disclosed on the Debtor's schedules and bearing a dealer plate.

15. I am familiar with dealer plates from representation of motor vehicle retailers. By statute, Mr. Earl could not legally place a dealer plate on a vehicle he drove. Ariz. Rev. Stat. § 28-4532. The Debtor testified at the resumed meeting of creditors that Mr. Earl did not derive income from employment by a motor vehicle dealer.

-4-
Case 2:10-bk-27333-SSC    Doc 65    Filed 03/04/11    Entered 03/04/11 19:40:15    Desc
Main Document    Page 4 of 6

16. The 341 meeting re-convened on December 1, 2010. I again asked the Debtor where the 2008 Escalade was, to no avail. Mr. Earl had been present in the meeting room, but left the meeting room before the meeting commenced.

17. After the 341 meeting, I spoke to Mr. Jensen and asked whether the Debtor and Mr. Earl were going to oppose the stay-lift motion Lund Cadillac had filed on November 24, 2010. Mr. Jensen did not indicate whether the Debtor would or would not oppose stay relief. Mr. Jensen did not indicate he knew the whereabouts of the 2008 Escalade or who possessed it. The time expired for a response to the motion without objection from the Debtor.

18. To my knowledge, Lund Cadillac hired Phil Rust to locate the 2008 Escalade and determine its condition. I have been in contact with Mr. Rust on a few occasions and informed him of the bankruptcy case status as far as I was made aware or learned from my own review of the docket, as set forth in this declaration. I specifically informed Mr. Rust that the Debtor testified that she did not know where the 2008 Escalade was.

19. The fact that the Debtor could not—despite being asked twice in the span of two weeks—disclose the location of the 2008 Escalade, caused Lund Cadillac and Mr. Rust some concern that the 2008 Escalade was lost, stolen, in the possession of a third party without legal permission. Thus, Mr. Rust continued his efforts to locate the 2008 Escalade.

20. Neither I nor Lund Cadillac authorized Mr. Rust to take possession of the 2008 Escalade or retrieve it from the possession of the Debtor, Mr. Earl or any third party concealing it. Mr. Rust's charge has been solely to locate and inspect the 2008

Escalade—not to disrupt administration of the bankruptcy case or proceedings before this court.

I declare under penalty of perjury that the foregoing is true and correct. Executed on March 4, 2011.

                                                /s/ Ryan Lorenz
                                                Ryan Lorenz

**COPY** of the foregoing mailed
this 4th day of March, 2011, to:

Kevin Jensen
3740 E. Southern Ave., Ste. 210
Mesa, AZ 85206
Attorney for Debtor

Russell Brown
3838 N. Central Ave., Suite 800
Phoenix, AZ 85012
Chapter 13 Trustee

United States Trustee
230 N. 1st Ave., Ste. 204
Phoenix, AZ 85003

    /s/ Pam Whitmore