Darrell E. Davis, #011442
Ryan J. Lorenz, #019878
**CLARK HILL PLC**
14850 N. Scottsdale Road, Suite 500
Scottsdale, AZ  85254
Telephone:    (480) 684-1100
Facsimile:    (480) 684-1199
E-Mail:       rlorenz@clarkhill.com

Attorneys for Lund Cadillac, LLC

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>RACHAEL ANNE EARL,<br><br>Debtor. | Case No.  2:10-bk-27333-SSC<br>Chapter 13<br><br>**DECLARATION OF PHIL RUST** |
| LUND CADILLAC, LLC, an Arizona limited liability company,<br><br>Movant,<br><br>v.<br><br>RACHAEL ANNE EARL, Debtor;<br>RUSSELL BROWN, Chapter 13 Trustee,<br><br>Respondents. | |

Phil Rust, declares as follows:

1. I am the president of Rust Investigations, Inc.  My agency is licensed as a private investigation firm by the Arizona Department of Public Safety (license number 1001404).  I also hold a license as a private investigator from that agency (license number 1538228).

2. I was hired in 2010 by Movant Lund Cadillac, LLC ("Lund Cadillac") to locate a

vehicle, which was identified to me as a new 2008 Cadillac Escalade, VIN 1GYFK63818R157790 ("2008 Escalade").

3. I was not hired to repossess the 2008 Escalade. I do not use a tow truck or a commercial vehicle suitable for taking possession of vehicles. Rather, my task was solely to locate the 2008 Escalade and inspect it and report back to Lund Cadillac. Whether acting as a private investigator or as a citizen, my policy is to inform law enforcement of facts which, in my experience and judgment, could constitute a crime and warrant investigation by the police and possible arrest and charging of a subject involved with such crime.

4. I am familiar with laws regarding privacy of a person and other rules and regulations which impact the activities of a private investigator. I do not employ means which violate these laws, rules, or regulations. At no time during my investigation to locate the 2008 Escalade did I employ means that violate the same.

5. My investigation involved a brief review of a few sales documents from Lund Cadillac's transaction file. I conducted a background check on Dan J. Earl, the purchaser of the 2008 Escalade.

6. At various times, I visited the residence of Dan Earl at 1311 S. Claiborne Avenue, Gilbert, AZ 85296 ("Claiborne Address") to see if the 2008 Escalade was parked or garaged there.

7. I have also tracked Mr. Earl's movements, in vehicles other than the 2008 Escalade, to ascertain if he uses or operates or goes to the location of the 2008 Escalade.

8. I have spoken to Mr. Earl on one or more occasions to ask him where the vehicle

is, what condition it is in, and who may be in possession of it. I have informed Mr. Earl during these encounters that Lund Cadillac considers the vehicle its property.

9. My investigation thus far has revealed all of the following facts:

    a. Mr. Earl took possession of the 2008 Escalade on September 9, 2009;

    b. Mr. Earl refused to re-sign documents that only increased his payment by $10 a month;

    c. Mr. Earl has the 2008 Escalade in a hidden and concealed location;

    d. Mrs. Earl testified under oath that she does not know where the 2008 Escalade is;

    e. Mr. Earl operates vehicles bearing dealer plates, though he is not employed as an employee of a licensed motor vehicle dealer;

    f. Mrs. Earl's bankruptcy filings do not disclose the 2008 Escalade as the Earls' property;

    g. Mrs. Earl's bankruptcy filings do not disclose one or more vehicles I have observed Mr. Earl use and drive;

    h. The Earls refused to return the 2008 Escalade in response to a proposal between Lund Cadillac's counsel and Mrs. Earl's counsel that they do so;

    i. The Earls have no provided Lund Cadillac proof that the 2008 Escalade is insured;

    j. The Earls could not have legally obtained registration for the 2008 Escalade, because it remains titled to Lund Cadillac;

    k. The Earls could not legally operate the 2008 Escalade on the public roadway

because it is unregistered;

l. The Earls could not legally place a dealer plate on the 2008 Escalade and operate it because neither of the Earls work for a licensed dealer, as also confirmed by Mrs. Earl's testimony as to their sources of income at her meeting of creditors;

m. The Earls have refused to return the 2008 Escalade to Lund Cadillac for a year and a half.

10. In my estimation and judgment, in view of all of the foregoing facts and others, I felt that Mr. Earl had developed an intention to keep and possess Lund Cadillac's property, without legal claim of ownership or permission from Lund Cadillac to keep possession of it. I felt that the use of extraordinary efforts by Mr. Earl to evade detection of the 2008 Escalade was for the purpose of either concealing a further transfer of the vehicle to a third party, knowing that he had no title to do so, or that Mr. Earl planned to keep the 2008 Escalade indefinitely.

11. By all indications and based upon my experience in this and similar matters, I reported my findings and conclusions to the Gilbert and Phoenix police. The Phoenix police department has determined that the 2008 Escalade may be treated as stolen. That department has referred its report(s) to the Maricopa County Attorney's Office to make a charging decision.

I declare under penalty of perjury that the foregoing is true and correct. Executed on March 4, 2011.

                                               /s/ Phil Rust
                                               Phil Rust

**COPY** of the foregoing mailed
this 4th day of March, 2011, to:

Kevin Jensen
3740 E. Southern Ave., Ste. 210
Mesa, AZ 85206
Attorney for Debtor

Russell Brown
3838 N. Central Ave., Suite 800
Phoenix, AZ 85012
Chapter 13 Trustee

United States Trustee
230 N. 1st Ave., Ste. 204
Phoenix, AZ 85003

    /s/ Pam Whitmore