LAW OFFICES OF KEVIN JENSEN, PLLC
ATTORNEYS and COUNSELORS at LAW
3740 EAST SOUTHERN AVE.
SUITE 210
MESA, ARIZONA 85206
TELEPHONE (480) 632-7373
FACSIMILE (480) 632-8383

Kevin Jensen, State Bar No. 021524

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| RACHAEL A. EARL | Case No. #2:10-bk-27333 |
| RE: Lund Cadillac | AFFIDAVIT OF RACHAEL EARL |

I, Rachael Earl, declare as follows:

1. I am over the age of 18 years and qualified to make this affidavit. I am a resident of the State of Arizona and make this Affidavit based on my own personal knowledge.

2. I live at 1311 South Claiborne Avenue, Gilbert, AZ 85296.

3. I have no personal knowledge of the automobile deal between Lund Cadillac and my husband, Dan Earl. I was not present at the time of the deal.

4. I did receive notification from Lund Cadillac that they received our trade-in vehicle, a 2007 Cadillac Escalade, and paid the loan off on the vehicle. I also read correspondence from Lund Cadillac regarding their inability to obtain the 0% financing in the original contract and their desire for my husband to sign a new

Affidavit of Rachael Earl

contract at a higher interest rate and higher payment.

5. I was witness to Jay Bates, General Sales Manager of Lund Cadillac, coming to my door in late 2009, while I was home alone with two of my young children, demanding that my husband sign a new contract with Lund Cadillac for a 2008 Escalade. I was also witness to him waiting outside of our home for a period of 5 hours for my husband to arrive home, until approximately 11: 00 pm.

6. I was witness to part of a conversation between Lund Cadillac's counsel and my husband regarding unwinding the deal on the 2008 Escalade, as financing could not be obtained. I was witness to Lund Cadillac's counsel using profanity and refusing to unwind the deal on the 2008 Cadillac Escalade. Counsel for Lund Cadillac also stated that our 2007 Escalade would not be returned to us.

6. Lund Cadillac has repeatedly harassed me and attempted to collect on the alleged debt during the automatic bankruptcy stay.

7. I was witness to the process service of a Writ of Restitution for the 2008 Cadillac Escalade served during the Bankruptcy stay on the morning of November 8, 2010, while the process server blocked our driveway with his vehicle. I was also witness to my husband notifying the process server of the Bankruptcy Stay, to which he replied that he figured we had something like that in place, and proceeded with service.

8. I was witness to Phillip Rust of Rust Investigations, a private investigator, attempting to retrieve a tracking device from the car we were driving at In N Out on November 10, 2010, while my husband and I were out to dinner with our children. Mr. Rust admitted that he was hired by Lund Cadillac and that he was attempting to collect the 2008 Escalade for Lund Cadillac.

10. I was witness again to Phillip Rust, hired by Lund Cadillac, outside my home on

November 11, 2010, attempting to collect his tracking device, and acknowledging to my husband that Lund Cadillac was aware of the filed Bankruptcy and the Automatic Stay, and that they would continue to pursue collection of the vehicle. I heard this conversation from my open bedroom window and identified Mr. Rust as the person in confrontation with my husband. I believe that the conversation was recorded by Mr. Rust and he has this recording in his possession and it will confirm that Lund Cadillac was aware of the Bankruptcy Stay, although still attempting to collect.

11. I was witness to Officer Barnhart of the Gilbert Police Department at my door on November 15, 2010 demanding that my husband, Dan Earl, return the tracking device he "stole" from Phillip Rust and threatening to arrest my husband if he did not return it to them. Officer Barnhart admitted that he followed my husband home from dropping our daughter off at school, as well as the fact that Officer Barnhart was a personal acquaintance of Mr. Rust.

12. I was again witness to Phillip Rust following my husband and myself at our 341 Creditor's Meeting on November 24, 2010 at the Bankruptcy Courthouse.

13. I believe that Lund Cadillac was fully aware of the Bankruptcy and the Automatic Stay being in place during all of these instances above by and through their own admission, and yet they proceeded to make attempts to collect on the alleged debt.

14. I have no personal knowledge as to the whereabouts of the 2008 Cadillac Escalade.

15. All factual testimony or statements made in this declaration are true and correct to the best of my knowledge and belief. All opinions stated herein are based upon a reasonable degree of probability or a high likelihood of probability.

FURTHER AFFIANT SAYETH NAUGHT.

*Rachael Earl*
Rachael Earl

SWORN TO AND SUBSCRIBED before me, the undersigned notary public, this ___05___ day of __March__ 2011.

_____
Notary Public



DAVID MARKOVICH
NOTARY PUBLIC - ARIZONA
MARICOPA COUNTY
My Commission Expires
July 20, 2014