**LAW OFFICES OF KEVIN JENSEN, PLLC**
*ATTORNEYS and COUNSELORS at LAW*
*3740 EAST SOUTHERN AVE.*
*SUITE 210*
*MESA, ARIZONA 85206*
*TELEPHONE (480) 632-7373*
*FACSIMILE (480) 632-8383*

*Kevin Jensen, State Bar No. 021524*

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| RACHAEL A. EARL )<br><br>)<br>**Real Property Located:** )<br>1311 S. CLAIBORN AVENUE )<br>GILBERT, ARIZONA )<br>85296 ) | Case No. #2:10-bk-27333<br><br>**AFFIDAVIT OF**<br>**WILLIAM McCAFFREY** |

I William McCaffrey, declare as follows:

1. I am over the age of 18 years and qualified to make this affidavit. I am a resident of the State of Arizona and make this Affidavit based on my own personal knowledge. I have no direct or indirect interest in the outcome of the case at bar for which I am offering my observations, analysis, opinions and testimony.

2. My experience in the Banking industry encompasses over 30 years employment for federally insured institutions. I was formerly Business Development Manger with Indy Mac Bank FSB, for over ten years and am currently employed as a Consultant for Housing Mortgage Consultants Inc. of which I own. I have personal knowledge and experience to render opinions in the topic areas related the securitization of mortgage loans, derivative securities, the securities industry, real property law, Uniform Commercial Code practices, predatory lending practices,

Truth in Lending Act requirements, loan origination and underwriting, accounting in the context of securitization and pooling and servicing of securitized loans, assignment and assumption of securitized loans, creation of trusts under deeds of trust, pooling and agreements, and issuance of asset backed securities and specifically mortgage-backed securities by special purpose vehicles in which an entity is named as trustee for holders of certificates of mortgage backed securities, the economics of securitized residential mortgages during the period of 2001-2008, appraisal fraud, and its effect on APR disclosure, usury, exceeding the legal limit for interest charged, foreclosure of securitized, non-securitized residential mortgages.

3. I have been qualified to testify in Maricopa County Superior Court, and US District Court. In the past few years, I have served as Expert Witness in numerous civil cases. I have testified at trial in Federal and Superior Court including Nevada and Arizona. Superior Court Cases include *Marshall and Isley Bank v. Izzo, Slikker v. Kondaur, Brokalakis v. National City Mortgage, and Wells Fargo Bank v. Dutson*. Superior Court Judges' Ronan, Garcia, and Budoff, as well as Commissioners' Davis, Ellis, and Hamner have affirmed my expert testimony. Further, I've offered expert testimony in the US District Court of Nevada under Judge Riegle, in *Charov v. Perry*.

4. I have reviewed thousands of Mortgage Assignments and I am familiar with such documents and how they are properly prepared and signed.
I have reviewed the initial pleadings and loan documents provided as to the property located at 1311 S. CLAIBORN AVE, GILBERT, AZ 85296, which is the subject of this lawsuit, and have conducted a preliminary audit of the documents. Finding the following:

5. GS Mortgage Securities Corp Asset-Backed Certificates series GSAA Home Equity Trust 2007-9 created (and closed) in 2007 is very unlikely to have acquired this non-performing loan when the loan was already in default. From my knowledge and experience with mortgage-backed securitized trusts, such acquisition of a non-performing loan is prohibited, particularly after the closing date of the Trust. The

present case appears to be another example of a trust failing to produce the Assignment that should have been created and obtained in 2007. The Assignment Date is almost certainly incorrect.

6. According to New York Trust law, EPTL 7-1.2, "Every disposition of property shall be made directly to the person in whom the right to the possession and income is intended to be vested and not to another in trust for such person. If made to any person in trust for another not estate or interest vests in the trustee."

As a result of the trust law, the Pooling and Servicing Agreements allow for indorsements in blank for the notes. The Pooling and Servicing Agreements also state that all intervening assignments and indorsements must be present. THIS HAS NOT BEEN FOLLOWED. Notes such as RACHAEL A. EARL, are commonly indorsed in blank or they have attached a blank Allonge.

7. In thousands of Assignments I have examined, new "replacement" Assignments have been prepared and presented to Courts without any disclosure to the Courts or to the Homeowners that the original Assignments were lost

8. Frequently, mortgage assignments for Trusts cannot be produced and Assignments from mortgage servicing companies such as LENDER PROCESSING SERIVICES (LPS) are hired to recreate the absent assignments. LENDER PROCESSING SERIVICES (LPS) created these documents. In the vast majority of cases, the individuals signing these documents as a representative of the GRANTOR/ASSIGNOR are actually working for the GRANTEE/ASSIGNEE bank/trustee. These individuals fail to disclose that they are working on behalf of the GRANTEE.

9. TRUSTEE'S DEED UPON SALE IS INCORRECT:

(1)     Investors who purchased asset backed securities in which ownership of the loans were described with sufficient specificity as to at least express the intent to convey ownership of the obligation as evidenced by the promissory note and an interest in real property consisting of a security interest held by an entity that was described as the beneficiary of a Trust created by an instrument entitled Deed of Trust;

(2)     Insurers that paid some party on behalf of said investors;

(3)     Counterparties on credit default swaps;

(4)     Conveyances or constructive trusts arising by operation of law through cross collateralization and over-collateralization within the aggregate asset pools or later within the Special Purpose Vehicle tranches "tranches" is an industry term of art referring to the types of division within a Special Purpose Vehicle);

(5)     United States Federal Reserve, which has extended credit on said troubled assets and has exercised options to purchase said troubled assets;

(6)     Any other party that has traded in mortgage backed securities from the aggregated pools or securitized tranches containing interests in the loans.

a.     WELLS FARGO BANK, NA, DEUTSCHE BANK NATIONAL TRUST COMPANY, THE BANK OF NEW YORK TRUST COMPANY, NATIONAL ASSOCIATION, and US BANK, its successors in interest, and MERS Inc, do not fall within any of the classifications of holders in due course on the subject loan.

b.     WELLS FARGO BANK, N.A DEUTSCHE BANK NATIONAL TRUST COMPANY, THE BANK OF NEW YORK TRUST COMPANY, NATIONAL ASSOCIATION, and US BANK. its successors in interest, and MERS Inc, have not suffered any financial loss relating to the loan.

c.     WELLS FARGO BANK, N.A. DEUTSCHE BANK NATIONAL TRUST COMPANY, THE BANK OF NEW YORK TRUST COMPANY, NATIONAL ASSOCIATION, and US BANK, its successors in interest, and MERS Inc, have never been the real party in interest as a lender or financial institution underwriting a loan while funding same with respect to the subject loan;

d.     WELLS FARGO BANK, N.A. DEUTSCHE BANK NATIONAL TRUST COMPANY, THE BANK OF NEW YORK TRUST COMPANY, NATIONAL ASSOCIATION, and US

BANK, its successors in interest, and MERS Inc, suffered no monetary loss through non-performance of the loan;

e.    WELLS FARGO BANK, N.A DEUTSCHE BANK NATIONAL TRUST COMPANY, THE BANK OF NEW YORK TRUST COMPANY, NATIONAL ASSOCIATION, and US BANK. its successors in interest, and MERS Inc, has received fees and profits relating to the loan;

f.    The existence and identity of the real parties in interest was withheld in the closing and servicing of the loan.

g.    This loan does not fall in the category of loans intending to be covered by Arizona law providing for non-judicial remedies. Without giving notice to all potentially interested stakeholders using service of process, a non-judicial foreclosure of a securitized loan does not dispose of the matter. Since there is no procedure for service of process without a lawsuit, the only procedure available is judicial.

h.    RACHAEL A. EARL has no knowledge, but has demanded information from the loan servicers and its agent and done due diligence to determine whether the note, security interest, or obligation has been extinguished or paid in whole or in part by co-obligors, insurers and/or federal bailout. The "election" of non-judicial process shifts the burden to the borrowers in the loans to allege facts that are solely within the knowledge of the lenders that are intentionally withheld to them.

i.    In the securitization of the loan, the rights of various named Trustees have been superseded by succeeding trustees ending with the Trustee for the holders of mortgage backed securities in the recorded documents in the present case, whose powers are limited to ONLY what the certificate holders authorize. Accordingly, the only potential party to a foreclosure wherein the allege financial injury and therefore a right to collect the obligation, enforce the note or enforce the security instrument is either a party who has actually lost money or stands to lose money, or an authorized representative who can show such authority and is answerable to the claims, affirmative defenses and counterclaims of the borrowers for such causes of action or defenses as might be applicable.

18. All factual testimony or statements made in this declaration are true and correct to the best of my knowledge and belief. All opinions stated herein are based upon a reasonable degree of probability or a high likelihood of probability. I have no direct or indirect interest in the outcome of the case for which I am offering my observations, analysis, opinions and testimony

FURTHER AFFIANT SAYETH NAUGHT.

William McCaffrey

SWORN TO AND SUBSCRIBED before me, the undersigned notary public, this 4th day of March 2011.



OFFICIAL SEAL
LISA ORR
Notary Public-State of Arizona
MARICOPA COUNTY
My Commission Exp. 08/13/12

Notary Public